[Cite as *Moore v. Ohio Dept. of Transp.*, 2010-Ohio-6665.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN A. MOORE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-06176-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Stephen A. Moore, filed this action against defendant, Department of Transportation (ODOT), contending that the windshield on his 2003 Ford Mustang GT was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on State Route 2 in Lake County. Plaintiff recalled that he was traveling on State Route 2 on November 9, 2009 at approximately 2:50 p.m., when he approached a truck traveling ahead equipped with "a dump type trailer used in hauling either dirt or rock." Plaintiff related that "[a]s I approached closer to the vehicle I noticed some rock falling off the rear slanted gate of the trailer (and) I could clearly see that the rocks were falling off the rear tailgate of the trailer and were not being thrown up onto the road by the rear tires." Plaintiff asserted that a rock that fell from the truck traveling ahead bounced from the roadway surface and struck his car's windshield. Plaintiff noted that the truck, bearing the name Mid-America Trucking, pulled off the right side of the roadway "back into the construction zone where they were working." Plaintiff recalled that he subsequently contacted a representative of Mid-America Trucking, Carmen Carbone, and was informed that the

trucking company is a subsidiary of ODOT contractor, Anthony Allega, Inc. (Allega), who was under the contract to perform the roadway construction work on State Route 2. Plaintiff pointed that out he was advised by Carmen Carbone that neither Mid-America Trucking nor Allega were "responsible for any damages from objects falling from their trucks." Plaintiff contended that the Mid-America Trucking driver violated a statutory duty under R.C. 4513.31[1] to secure loads on the vehicle. Plaintiff submitted a letter from Carmen Carbone dated November 16, 2009 regarding the November 9, 2009 described incident. In this letter, Carbone wrote: "[w]e have investigated this incident throughly and determined we (Allega) can not be held responsible for any debris that may have been in the roadway." In response, plaintiff filed this claim maintaining that either ODOT or Allega should bear liability for the replacement cost of his windshield. Plaintiff requested damages in the amount of $273.97, the total cost of a replacement windshield. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant acknowledged that the area where plaintiff's stated property damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained that this particular construction project "dealt with improving SR 2 by grading, draining, paving with asphalt concrete on an asphalt concrete base in part, paving with reinforced concrete paving in part, noise barrier, reinforced concrete retaining walls, MSE walls and rehabilitating existing structures between mileposts 3.32 to 7.75 in Lake County." Defendant asserted that Allega, by contractual agreement, was responsible for roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued that Allega is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT

---

[1] R.C. 4513.31(A) which addressing "Securing loads on vehicles" provides:

"(A) No vehicle shall be driven or moved on any highway unless the vehicle is so constructed, loaded, or covered as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom, except that sand or other substance may be dropped for the purpose of securing traction, or water or other substance may be sprinkled on a roadway in cleaning or maintaining the roadway."

mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Allega had any knowledge "of rocks flying from their trucks prior to plaintiff's incident." Defendant

related that ODOT "records indicate that no calls or complaints were received regarding the rocks in question prior to Plaintiff Moore's incident," at the location determined , milepost 7.10. Defendant contended that plaintiff failed to produce evidence establishing his property damage was attributable to either conduct on the part of ODOT or Allega.

{¶ 6} Defendant submitted a copy of a "Traffic Crash Report" filed by the Mentor Police Department incident to plaintiff reporting the damage event on November 9, 2009. In the "Traffic Crash Report" was a handwritten statement from plaintiff describing his recollection of the damage incident forming the basis of this claim. Plaintiff noted that he was traveling west on State Route 2 when he "noticed a truck enter the highway from the right (berm)." Plaintiff wrote, "[a]s I approached the truck at approx (imately) 40-45 mph a rock came off the rear slanted gate of the truck, bounded 2-3 times and hit the center of the front window of the car I was driving." Plaintiff pointed out that he "noticed that the name on the truck said Mid-America or Mid American (and he) also noticed a truck # of 126 and trailer # of 120."

{¶ 7} Defendant also submitted a copy of an e-mail from Allega representative, Carmen C. Carbone, regarding his knowledge of plaintiff's claim after conducting an investigation of work performed on the construction project on November 9, 2009. Carbone advised that "[t]he truck alleged to have dropped a rock from its tailgate did not have a tailgate on the vehicle at that time" (approximately 2:50 p.m.). Carbone noted that the tailgate on the vehicle had been removed at 11:15 a.m. in order to haul large slabs of concrete. Neither plaintiff nor defendant provided a photograph of the vehicle with or without a tailgate attached. Carbone attached a document designated "Mid America Trucking Daily Report" listing work assignment for truck #126 for November 9, 2009. Under heading for work performed from 6:30 a.m. to 11:15 a.m. is the notation "concrete pour-gate." Under the heading for work performed from 11:15 a.m. to 3:15 p.m. is the notation "excavation." Carbone expressed the opinion that plaintiff "exaggerated" the facts of this claim. Carbone did confirm truck #126 was hauling large slabs of concrete on State Route 2 at approximately 2:50 p.m. on November 9, 2009.

{¶ 8} Defendant submitted a handwritten statement from the driver of truck #126, William A. Kloczko. Kloczko advised that the gate on truck #126 had been removed at 11:15 a.m. on November 9, 2009. Kloczko did not address the assertions

that he was driving truck #126 hauling material on State Route 2 at approximately 2:50 p.m. on November 9, 2009.

{¶ 9}  Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by activity of ODOT's contractor on November 9, 2009 in failing to adequately secure roadway construction material being hauled on the roadway.

{¶ 10} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 12} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public

under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 13} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive. *McTear v. Ohio Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118. Defendant is liable to plaintiff for the damage claimed, $273.97, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN A. MOORE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06176-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $298.97, which includes the filing fee.  Court costs are assessed against defendant.



                                                   MILES C. DURFEY
                                                   Clerk

Entry cc:


Stephen A. Moore                          Jolene M. Molitoris, Director
12110 Summerwood Drive              Department of Transportation
Concord, Ohio  44077                     1980 West Broad Street
                                                   Columbus, Ohio  43223

RDK/laa
9/30
Filed 11/2/10
Sent to S.C. reporter 2/11/11